IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES of AMERICA,
    Plaintiff,

V.

[1] JOSE DAVID FIGUEROA AGOSTO,
a.k.a. "Junior Capsula"; "Junior"; "El Loco";
"La Novia"; "El Domi"; "Phillip"; "Angel F.
Rosa Rivera"; "Felipe Rodriguez De La Rosa";
"Christian Almonte Peguero"; "Ramon
Sanchez"; "Billy Ojeda Agosto",
    *(Counts 1-5)*,
[2] JOSE MIGUEL MARRERO MARTELL,
a.k.a. "Pito Nariz"; "Pito"; Elvin A. Medina
Velazquez",
    *(Counts 1,2 &8)*,
[3] JORGE LUIS FIGUEROA AGOSTO,
a.k.a. "Luis"; "El Viejo",
    *(Counts 1,2 & 10)*,
[4] EDDY BRITO MARTINEZ,
    *(Counts 1 & 2)*,
[5] DIEGO PEREZ COLON,
a.k.a. "Dieguito"; "El Flaco",
    *(Counts 1 & 2)*,
[6] SIXTO BOSCHETTI DAVILA,
a.k.a. "Pichy",
    *(Counts 1 & 2)*,
[7] KAREEM BOSCHETTI DAVILA,
    *(Counts 1, 2 & 5)*,
[8] ELIER MARTINEZ DELGADO,
a.k.a. "El Cubano"
    *(Counts 1& 2)*,
[9] RAFAEL MOLINA PADRO,
a.k.a. "Wengro", "Wingo", "Wingro",
    *(Counts 1,2, 5 & 9)*,
[10] IVAN CRESPO TALAVERA,
a.k.a. "Hawaiian",
    *(Counts 1, 2, 5 & 7)*,
[11] RAUL GONZALEZ DIAZ,
a.k.a. "Roy",
    *(Counts 1, 2, 5, 6 & 12)*,
[12] CARLOS  TORRES LANDRUA,
a.k.a. "Carlitos",
    *(Counts 1, 2 & 5)*,

INDICTMENT

CRIMINAL NO. 10- 435(PG)

VIOLATIONS:

Title 21, U.S.C. § § 841, 846, 848
Title 21, U.S.C. § § 952, 963
Title 21, U.S.C. § 853
Title 21, U.S.C. § 881
Title 18, U.S.C. §§ 1956, 1957
Title 18, U.S.C. § 982
Title 18, U.S.C. § 2
Title 18, U.S.C. § 922

(TWELVE COUNTS &
FORFEITURE ALLEGATIONS)

RECEIVED
& FILED

NOV 15 2010

CLERK'S OFFICE
U.S. DISTRICT COURT
HATO REY, P.R.

[13] **HECTOR RAMOS ROSADO**,
a.k.a. "Paito",
    *(Counts 1 & 2)*,
[14] **JONATHAN VEGA BERRIOS**,
a.k.a. "Tango"; "Tanko"; "Hermanos Dengue",
    *(Counts 1 & 2)*,
[15] **JOEL VEGA BERRIOS**,
a.k.a. "Hermanos Dengue",
    *(Counts 1 & 2)*,
[16] **GERARDO AMARO RODRIGUEZ**,
a.k.a. "Gordo", "Amaro",
    *(Counts 1 & 2)*,
[17] **MOISES TORRES PAGAN**,
    *(Counts 5 & 11)*,
    Defendants.

**THE GRAND JURY CHARGES:**

## COUNT ONE

### *Title 21, United States Code, Section 963*
### *Conspiracy to Import Narcotics into the Customs Territory of the United States*

Beginning in or about 2005, and ending in or about July of 2010, in the District of Puerto Rico,

the Dominican Republic, the high seas, and within the jurisdiction of this Court,

[1] **JOSE FIGUEROA AGOSTO**,
[2] **JOSE MARRERO MARTELL**,
[3] **JORGE FIGUEROA AGOSTO**,
[4] **EDDY BRITO MARTINEZ**,
[5] **DIEGO PEREZ COLON**,
[6] **SIXTO BOSCHETTI DAVILA**,
[7] **KAREEM BOSCHETTI DAVILA**,
[8] **ELIER MARTINEZ DELGADO**,
[9] **RAFAEL MOLINA PADRO**,
[10] **IVAN CRESPO TALAVERA**,
[11] **RAUL GONZALEZ DIAZ**,
[12] **CARLOS TORRES LANDRUA**,
[13] **HECTOR RAMOS ROSADO**,

2

*Indictment*
*United States v. Jose Figueroa Agosto,* et al.

## [14] JONATHAN VEGA BERRIOS,
## [15] JOEL VEGA BERRIOS,
## [16] GERARDO AMARO RODRIGUEZ,

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to import into the customs territory of the United States, from places outside thereof, five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, in violation of Title 21, <u>United States Code</u>, Section 952(a).

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to import controlled substances, mainly cocaine, into Puerto Rico from places outside of the United States, mainly the Dominican Republic, all for significant financial gain and profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators would accomplish and further the object of the conspiracy, among others, included the following:

1.     It was part of the manner and means of the conspiracy that defendants and their co-conspirators assumed various roles within the DTO in order to further the object of the conspiracy, including but not limited to: (a) leaders; (b) transporters; and (c) facilitators.

2.     It was further a manner and means of the conspiracy that the defendants and their co-conspirators would arrange for the transportation of large amounts of cocaine from the Dominican Republic to Puerto Rico on board motor vessels.

3.     It was further a manner and means of the conspiracy that the defendants and their co-

conspirators would select discrete locations to offload the shipments of cocaine within Puerto Rico.

4.      It was further a manner and means of the conspiracy that the defendants and their co-conspirators would store and protect the narcotics and narcotics proceeds within Puerto Rico.

5.      It was a further a manner and means of the conspiracy that once the narcotics were transported into Puerto Rico, some of the narcotics would be resold for profit and some would be further transported to the continental United States for eventual resale.

6.      It was further a manner and means of the conspiracy that the defendants and their co-conspirators would attempt to create the appearance that their narcotics proceeds were legitimate by purchasing legitimate assets, including but not limited to real estate properties, motor vehicles, vessels and businesses through the use of "straw owners" or "jockeys", with the objective of concealing the true ownership of the assets, and the illegal source of the funds used to make the purchases.

7.      It was further a manner and means of the conspiracy that the defendants and their co-conspirators would recruit and hire individuals with qualifying credit ratings to act as straw owners for motor vessels used by members of the conspiracy.

8.      It was further a manner and means of the conspiracy that the defendants and their co-conspirators would purchase assets, utilize nominee bank accounts to deposit narcotics proceeds,  and make payments for services with cash and money orders, in order to: (a) conceal the true ownership of the assets; (b) conceal the source of the funds; and (c) avoid tracing by financial institutions and civil and criminal authorities, and protect their interest in the properties.

9.      It was further a manner and means of the conspiracy that the defendants and their co-

conspirators would send bulk shipments of narcotics proceeds to the Dominican Republic, rather than using traditional financial transactions that would have left a paper trail and triggered financial reporting requirements.

10.    It was part of the manner and means of the conspiracy that the defendants and their co-conspirators would utilize narcotics proceeds to purchase winning tickets from the Puerto Rico Traditional Lottery salesmen in order to create the appearance that they had legitimately purchased the winning lottery ticket.

11.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators did conceal and hide, and cause to be concealed and hidden, the manner and means and acts done in furtherance of the conspiracy, and did use counter-surveillance and other means to avoid detection and apprehension by law enforcement authorities.

## ROLES OF THE MEMBERS OF THE CONSPIRACY

### (a)    Leaders

The leaders controlled the importation, storage and eventual distribution of the narcotics in Puerto Rico and the Continental United States.   They were also the eventual recipients of the proceeds of drug sales.

The following co-conspirators acted as leaders in this organization: **[1] JOSE FIGUEROA AGOSTO,[2] JOSE MARRERO MARTELL,[3] JORGE FIGUEROA AGOSTO,** and **[4] EDDY BRITO MARTINEZ**.

*Indictment*
*United States v. Jose Figueroa Agosto, et al.*

**(b)     Transporters**

The transporters were responsible for the transportation of narcotics from places outside of the United States into Puerto Rico on board motor vessels.  Many of the transporters purchased luxurious motor vessels in order to transport the narcotics into Puerto Rico.

The following co-conspirators acted as transporters in this organization: **[5] DIEGO PEREZ COLON, [6] SIXTO BOSCHETTI DAVILA, [7] KAREEM BOSCHETTI DAVILA, [8] ELIER MARTINEZ DELGADO, [9] RAFAEL MOLINA PADRO, [10] IVAN CRESPO TALAVERA, [11] RAUL GONZALEZ DIAZ, [12] CARLOS  TORRES LANDRUA, [13] HECTOR RAMOS ROSADO, [14] JONATHAN VEGA BERRIOS, [15] JOEL VEGA BERRIOS.**

**(c)     Facilitators**

Facilitators furthered the manner and means of the drug trafficking organization in assisting with the:  (i) placement, (ii) layering and (iii) integration of the organization's narcotics proceeds within the legitimate economic and financial systems.

The following co-conspirators acted as facilitators in this organization: **[16] GERARDO AMARO RODRIGUEZ.**

All  in violation of Title 21, <u>United States Code</u>, Section 963.

# COUNT TWO

### *Title 21, United States Code, Section 846*
### *Conspiracy to Possess with Intent to Distribute Controlled Substances*

Beginning in or about 2005, and ending in or about July of 2010, in the District of Puerto Rico, the Dominican Republic, the high seas, and within the jurisdiction of this Court,

*Indictment*
*United States v. Jose Figueroa Agosto*, et al.

[1] JOSE FIGUEROA AGOSTO,
[2] JOSE MARRERO MARTELL,
[3] JORGE FIGUEROA AGOSTO,
[4] EDDY BRITO MARTINEZ,
[5] DIEGO PEREZ COLON,
[6] SIXTO BOSCHETTI DAVILA,
[7] KAREEM BOSCHETTI DAVILA,
[8] ELIER MARTINEZ DELGADO,
[9] RAFAEL MOLINA PADRO,
[10] IVAN CRESPO TALAVERA,
[11] RAUL GONZALEZ DIAZ,
[12] CARLOS  TORRES LANDRUA,
[13] HECTOR RAMOS ROSADO,
[14] JONATHAN VEGA BERRIOS,
[15] JOEL VEGA BERRIOS,
[16] GERARDO AMARO RODRIGUEZ,

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).   All in violation of Title 21, United States Code, Section 846.

### COUNT THREE

*Title 21, United States Code, Section 848*
*Continuing Criminal Enterprise*

From in or about the year 1994,  continuing up to and until July 17, 2010, in the District of Puerto Rico, New York, Venezuela, Colombia, the Dominican Republic, on the high seas, elsewhere and within the jurisdiction of this Court,

[1] JOSE FIGUEROA AGOSTO,

the defendant herein, did knowingly and unlawfully engage in a continuing criminal enterprise, in that he committed violations of Title 21, United States Code, Sections 841, 846, 952 and 963 as detailed below, which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et. seq.*, undertaken by the defendant **[1] JOSE FIGUEROA AGOSTO** in concert with five or more other persons, with respect to whom **[1] JOSE FIGUEROA AGOSTO** occupied a position of organizer, supervisor and manager, and from which continuing series of violations **[1] JOSE FIGUEROA AGOSTO** obtained substantial income and resources.

Furthermore, **[1] JOSE FIGUEROA AGOSTO** was the a principal administrator, organizer, supervisor and leader of the criminal enterprise, which involved the possession with intent to distribute and importation of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, and the amount of said mixture or substance was in excess of one-hundred and fifty (150) kilograms, that is: three-hundred (300) times the quantity of substance listed in Title 21, United States Code, Section 841(b)(1)(B).

## GENERAL ALLEGATIONS

1.      At times relevant to this Indictment,  **JOSE FIGUEROA AGOSTO, a.k.a. "Junior Capsula"; "Junior"; "El Loco";"La Novia"; "El Domi"; "Phillip"; "Angel F. Rosa Rivera"; "Felipe Rodriguez De La Rosa"; "Christian Almonte Peguero"; "Ramon Sanchez"; "Billy Ojeda Agosto",** was a United States citizen, born in Bayamon, Puerto Rico.

3.      On November 5, 1999, **[1] JOSE FIGUEROA AGOSTO** utilized false documents to escape from a correctional facility of the Commonwealth of Puerto Rico.

4.      In late1999, **[1] JOSE FIGUEROA AGOSTO** obtained a fraudulent United States passport, bearing the name Angel F. Rosa Rivera, and subsequently fled to the Dominican Republic in order to evade arrest and continue his narcotics trafficking enterprise.

## OBJECT OF THE ENTERPRISE

The object of the Continuing Criminal Enterprise was to smuggle, import, offload, purchase, transport, distribute, and supply controlled substances within Puerto Rico and the Continental United States all for significant financial gain and profit.

## MANNER AND MEANS OF THE ENTERPRISE

The manner and means by which the defendant and his associates would accomplish and further the objects of the enterprise, among others, included the following:

a.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would smuggle, import, offload, purchase, transport, distribute, conceal, and invest in large quantities of controlled substances, including cocaine and heroin;

b.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would reap profits from the sale of these controlled substances;

c.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would invest these profits in additional drug trafficking activities;

d.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would launder these profits in an effort to legitimize the drug proceeds, reap additional profits, and further the enterprise;

e.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would  travel, and use facilities, in interstate and foreign commerce, with the intent to commit drug trafficking crimes against the United States;

f.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would  travel, and use facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on and further the enterprise;

g.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would travel, and use facilities in interstate and foreign commerce, in order to distribute the proceeds of drug trafficking and money laundering;

h.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would purchase and rent real estate properties for the purpose of organizing and storing narcotics and the proceeds of their drug trafficking;

i.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would utilize a variety of contacts and sources to obtain, transport, ship, smuggle, off-load and distribute large quantities of controlled substances;

j.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would directly take part in the smuggling, off-loading, transporting, storing, distributing and concealing of controlled substances, and would indirectly take part by employing others to do so;

k.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would arrange for motor vessels and other types of transportation to transport controlled substances;

*Indictment*
*United States v. Figueroa Agosto,*

l.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would promote the unlawful drug trafficking and related money laundering activity by conducting financial transactions;

m.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would conceal and disguise the nature, location, source, ownership and control of the illegal proceeds obtained from drug trafficking;

n.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would avoid transaction reporting requirements regarding financial transactions, and to cause financial institutions to do the same;

o.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would avoid paying income taxes on millions of dollars of drug trafficking income;

p.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would acquire real estate and other valuable assets with the proceeds of drug trafficking income;

q.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would  create and use fictitious and misleading identities, identity documents, and to change physical appearances, in order to aid in traveling, conducting business, and maintaining a lavish lifestyle;

r.      It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would make illegal payments to corrupt law enforcement authorities to further their enterprise and to avoid detection;

*Indictment*
*United States v. Figueroa Agosto,*

     s.     It was part of the manner and means of the enterprise that **[1] JOSE FIGUEROA AGOSTO** and his associates would do all of the above to avoid detection and/or capture by law enforcement authorities.

### SERIES OF DRUG VIOLATIONS

     In furtherance of the enterprise, and to effect the objects thereof, in Puerto Rico, the Dominican Republic, Colombia, Venezuela, the Netherlands Antilles, New York, the high seas, and elsewhere, on or about the dates, times and locations set forth below, **[1] JOSE FIGUEROA AGOSTO**, the defendant herein, in concert with his associates and co-conspirators, committed, and caused to be committed, a continuing series of felony drug violations, including but not limited to, the acts set forth in Predicate Acts 1- 44.

     The following descriptions of violations of Title 21, <u>United States Code</u>, Sections 841, 846, 952, 963 and Title 18, <u>United States Code</u>, Section 2, are to be applied to Predicate Acts 1 through 44 below, and are incorporated therein by reference.

#### Possession with Intent to Distribute Controlled Substances
#### *Violation of Title 21, United States Code, Section 841(a)(1)*

     On the approximate dates, times and locations set forth below, **[1] JOSE FIGUEROA AGOSTO**, and his associates, with other persons known and unknown to the Grand Jury, aiding and abetting one another, did knowingly and intentionally possess with the intent to distribute controlled substances, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1), and Title 18, <u>United States Code</u>, Section 2.

*Indictment*
*United States v. Figueroa Agosto,*

## Attempted Possession with Intent to Distribute Controlled Substances
### *Violation of Title 21, United States Code, Section 846*

On the approximate dates, times and locations set forth below, **[1] JOSE FIGUEROA AGOSTO**, and his associates, with other persons known and unknown to the Grand Jury, aiding and abetting one another, did knowingly and intentionally attempt to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, 846, and Title 21, United States Code, Section 2.

## Importation of Controlled Substances
### *Violation of Title 21, United States Code, Section 952*

On the approximate dates, times and locations set forth below, **JOSE FIGUEROA AGOSTO**, and his associates, with other persons known and unknown to the Grand Jury, aiding and abetting one another did knowingly and intentionally import into the United States from a place outside thereof, controlled substances, in violation of Title 21, United States Code, Section 952, and Title 18, United States Code, Section 2.

## Attempted Importation of Controlled Substances
### *Violation of Title 21, United States Code, Section 963*

On the approximate dates, times and locations set forth below, **JOSE FIGUEROA AGOSTO**, and his associates, with other persons known and unknown to the Grand Jury, aiding and abetting one another did knowingly and intentionally attempt to import into the United States from a place outside thereof, controlled substances, in violation of Title 21, United States Code, Section 952, 963 and Title 18, United States Code, Section 2.

*Indictment*
*United States v. Figueroa Agosto,*

## PREDICATE ACT #1

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the possession with intent to distribute five kilograms or more of cocaine, to wit: approximately 800 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #2

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 800 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #3

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the possession with intent to distribute five kilograms or more of cocaine, to wit: approximately 700 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #4

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known to and unknown the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 700 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT #5

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the possession with intent to distribute five kilograms or more of cocaine, to wit: approximately 600 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT #6

In or about 1994, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 600 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT #7

In or about November 2000, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 780 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT #8

In or about November 2000, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 780 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

*Indictment*
*United States v. Figueroa Agosto,*

## PREDICATE ACT #9

On or about November 26, 2001, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known to the Grand Jury in the attempted possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 597 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #10

On or about November 26, 2001, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the attempted importation of five kilograms or more of cocaine, to wit: approximately 597 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #11

On or about March 22, 2001, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the attempted importation of five kilograms or more of cocaine, to wit: approximately 747 kilograms of cocaine (gross weight) a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #12

In or about 2005, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[2] JOSE MARRERO MARTELL** and persons known and unknown to the Grand Jury in the possession with intent to distribute five kilograms or more of cocaine, to wit: approximately 50 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

*Indictment*
*United States v. Figueroa Agosto,*

## PREDICATE ACT #13

In or about 2005, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[2] JOSE MARRERO MARTELL** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 50 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #14

In or about the end of 2005, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA** and **[7] KAREEM BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the possession with intent to distribute five kilograms or more of cocaine, to wit: approximately 150 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 15

In or about the end of 2005, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA, [7] KAREEM BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 150 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 16

In or about the beginning of 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[2] JOSE MARRERO MARTELL, [7] KAREEM BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the possession with

intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 17

In or about the beginning of 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[2] JOSE MARRERO MARTELL, [7] KAREEM BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 18

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [11] RAUL GONZALEZ DIAZ** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 19

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [11] RAUL GONZALEZ DIAZ** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 20

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [8] ELIER MARTINEZ DELGADO** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 21

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [8] ELIER MARTINEZ DELGADO** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 22

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 23

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA** and persons known and unknown

to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 200

kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 24

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA**

**AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA, [8] ELIER MARTINEZ**

**DELGADO** and persons known and unknown to the Grand Jury in the possession with intent to

distribute of five kilograms or more of cocaine, to wit: approximately 150 kilograms of cocaine (gross

weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 25

In or about 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA**

**AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA, [8] ELIER MARTINEZ**

**DELGADO** and persons known and unknown to the Grand Jury in the importation of five kilograms

or more of cocaine, to wit: approximately 150 kilograms of cocaine (gross weight), a Schedule II,

Narcotic Drug Controlled Substance.

## PREDICATE ACT # 26

In or about the summer of 2006, the specific date unknown to the Grand Jury, **[1] JOSE**

**FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [8] ELIER**

**MARTINEZ DELGADO** and persons known and unknown to the Grand Jury in the possession with

intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine

(gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 27

In or about the summer of 2006, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [8] ELIER MARTINEZ DELGADO** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 28

In or about the beginning of 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [13] HECTOR RAMOS ROSADO** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 260 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 29

In or about 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [10] IVAN CRESPO TALAVERA** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 260 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 30

In or about 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [10] IVAN CRESPO TALAVERA** and persons known and unknown to the Grand Jury in the possession with intent to

*Indictment*
*United States v. Figueroa Agosto,*

distribute of five kilograms or more of cocaine, to wit: approximately 260 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 31

In or about October 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[9] RAFAEL MOLINA PADRO** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 525 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 32

In or about October 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[9] RAFAEL MOLINA PADRO** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 525 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT #33

In or about 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA, [13] HECTOR RAMOS ROSADO** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 200 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 34

In or about 2007, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA, [13] HECTOR RAMOS ROSADO**

*Indictment*
*United States v. Figueroa Agosto,*

and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 150 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 35

In or about the end of 2007, the specific date unknown to the Grand Jury, [1] JOSE FIGUEROA AGOSTO aided and abetted [7] KAREEM BOSCHETTI DAVILA and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 260 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 36

In or about the end of 2007, the specific date unknown to the Grand Jury, [1] JOSE FIGUEROA AGOSTO aided and abetted [7] KAREEM BOSCHETTI DAVILA and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 260 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 37

In or about 2008, the specific date unknown to the Grand Jury, [1] JOSE FIGUEROA AGOSTO aided and abetted [7] KAREEM BOSCHETTI DAVILA, [10] IVAN CRESPO TALAVERA, [12] CARLOS TORRES LANDRUA and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 725 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 38

In or about 2008, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[7] KAREEM BOSCHETTI DAVILA, [10] IVAN CRESPO TALAVERA, [12] CARLOS TORRES LANDRUA** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 725 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 39

In or about March 2008, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 525 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 40

In or about March 2008, the specific date unknown to the Grand Jury, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[6] SIXTO BOSCHETTI DAVILA** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 525 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

### PREDICATE ACT # 41

On or about May, 23, 2008,  **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the attempted importation of five kilograms or more of

cocaine, to wit: approximately 686 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 42

On or about May 23, 2008, **[1] JOSE FIGUEROA AGOSTO** aided and abetted persons known and unknown to the Grand Jury in the attempted possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 686 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 43

On or about November 3, 2008, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[16] GERARDO AMARO RODIRGUEZ** and persons known and unknown to the Grand Jury in the importation of five kilograms or more of cocaine, to wit: approximately 340 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

## PREDICATE ACT # 44

On or about November 3, 2008, **[1] JOSE FIGUEROA AGOSTO** aided and abetted **[16] GERARDO AMARO RODIRGUEZ** and persons known and unknown to the Grand Jury in the possession with intent to distribute of five kilograms or more of cocaine, to wit: approximately 340 kilograms of cocaine (gross weight), a Schedule II, Narcotic Drug Controlled Substance.

All in violation of Title 21, United States Code, Section 848(a), (b)(1) & (2)(A), (c) and Title 18, United States Code, Section 2.

## COUNT FOUR

### *Prohibited Person in Possession of Firearm: Convicted Felon*
### *Title 18, United States Code, Section 922(g)(1)*

On or about July 17, 2010 in the United States, in the District of Puerto Rico, and elsewhere and within the jurisdiction of this Court,

### [1] JOSE FIGUEROA AGOSTO,

the defendant herein, having been previously convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly and unlawfully possess in or affecting commerce a firearm or ammunition to wit: a FN Herstal 5.7 X 28 caliber pistol loaded with ammunition; which firearm and ammunition had been shipped or transported in interstate or foreign commerce.

It is alleged that **[1] JOSE FIGUEROA AGOSTO,** committed the above-mentioned firearm offense after having been convicted  and sentenced on or about September 13, 1995, in Cr. Case No. KLA 95G0326 in the Superior Court of San Juan to a crime punishable by imprisonment for a term exceeding one (1) year, that is including but not limited to violations of Article 8 of the Puerto Rico Weapons Law for which he was sentenced to ten (10) years of imprisonment.  All in violation of Title 18, United States Code, Sections 922(g) (1) and 924(a) (2).

## COUNT FIVE

### *Conspiracy to Commit Money Laundering*
### *Title 18, United States Code, Section 1956(h)*

From in or around September 2005 through in or around May, 2008, in the District of Puerto

Rico and elsewhere,

**[1] JOSE FIGUEROA AGOSTO,**
**[7] KAREEM BOSCHETTI DAVILA,**
**[9] RAFAEL MOLINA PADRO,**
**[10] IVAN CRESPO TALAVERA,**
**[11] RAUL GONZALEZ DIAZ,**
**[12] CARLOS TORRES LANDRUA,**
**[17] MOISES TORRES PAGAN,**

the defendants herein, did knowingly combine, conspire, and agree with each other and with other

persons known and unknown to the Grand Jury to commit offenses against the United States in violation

of Title 18, United States Code, Section 1956, to wit: (a) to knowingly conduct and attempt to conduct

a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a

specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment,

buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled

Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846 with the intent

to promote the carrying on of specified unlawful activity, that is the felonious manufacture, importation,

receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in

section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections

841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew

*Indictment*
*United States v. Figueroa Agosto,*

that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy, among others, to engage in financial transactions with proceeds generated by narcotics trafficking, in order to promote the carrying on of the narcotics trafficking.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.      It was a part of the manner and means of the conspiracy that the defendants would acquire vessels with proceeds from their drug and currency trafficking activities for use in drug and currency smuggling ventures between Puerto Rico and the Dominican Republic.

2.      It was further a manner and means of the conspiracy that the defendants would transfer ownership of the vessels amongst themselves in furtherance of their trafficking activities.

3.      Also as part of the manner and means of the conspiracy, that members would acquire vessels and provide the vessels for drug and currency smuggling ventures between Puerto Rico and the Dominican Republic.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

It is alleged, that in order to further the conspiracy, among others, the following overt acts were committed:

*Indictment*
*United States v. Figueroa Agosto,*

1.     From in or around 2005 through in or around 2008 **[1] JOSE FIGUEROA AGOSTO** would order the co-defendants to acquire vessels for use in drug and currency smuggling ventures between Puerto Rico and the Dominican Republic.

2.     In or around September 2005, defendant **[11] RAUL GONZALEZ DIAZ aka ROY,** acquired Angler 29' vessel number PR3121AC (hereinafter PR3121AC).

3.     In or around September 2005, PR3121AC was used for drug and currency smuggling ventures between Puerto Rico and the Dominican Republic by the DTO.

4.     In or around June 2006, **[11] RAUL GONZALEZ DIAZ** transferred the title of PR3121AC to defendant **[7] KAREEM BOSCHETTI DAVILA** as payment to **[7] KAREEM BOSCHETTI DAVILA** for work that **[7] KAREEM BOSCHETTI DAVILA** had done for **[11] RAUL GONZALEZ DIAZ**.

5.     Once transferred to **[7] KAREEM BOSCHETTI DAVILA,** PR3121AC was used by the organization for drug smuggling ventures between Puerto Rico and the Dominican Republic in or around the remainder of the year 2006 and 2007.

6.     In or around June 2006, defendant **[11] RAUL GONZALEZ DIAZ** acquired a 2006 Wellcraft 25' vessel number PR3674AC (hereinafter PR3674AC) with proceeds from specified unlawful activity.

7.     In or around November 2006, **[11] RAUL GONZALEZ DIAZ** transferred title of PR3674AC to defendant **[9] RAFAEL MOLINA PADRO**.

8.     From in or around November 2006 until in or around May 2007, PR3674AC continued to be used by the organization for drug and currency smuggling ventures between Puerto Rico and the Dominican Republic.

9.    In or around May 2007, **[9] RAFAEL MOLINA PADRO** transferred title of PR3674AC to defendant **[7] KAREEM BOSCHETTI DAVILA**.

10.    Once title was transferred to **[7] KAREEM BOSCHETTI DAVILA**, the organization continued to use PR3674AC for drug smuggling ventures between Puerto Rico and the Dominican Republic during the remainder of the year 2007.

11.    In or around March 2006, **[10] IVAN CRESPO TALAVERA** acquired Sailfish 23' vessel number PR2374AC (hereinafter PR2374AC) with proceeds from specified unlawful activity.

12.    In or around April 2006, **[10] IVAN CRESPO TALAVERA** provided PR2374AC to the organization for a drug and currency smuggling venture between Puerto Rico and the Dominican Republic.

13.    In or around February 2007, **[10] IVAN CRESPO TALAVERA** traded in PR2374AC for $25,000.00 to Marine World Distributors that would be credited towards the purchase of Wellcraft 25' vessel number PR4103AC.

14.    In or around February 2007, defendant **[10] IVAN CRESPO TALAVERA** acquired Wellcraft 25' vessel number PR4103AC (hereinafter PR4103AC) with proceeds from specified unlawful activity.

15.    In or around March 2007,  PR4103AC was provided to the organization and used by **[9] RAFAEL MOLINA PADRO** for a drug and currency smuggling venture between Puerto Rico and the Dominican Republic.

16.    In or around August 2007, **[10] IVAN CRESPO TALAVERA** reported PR4103AC as stolen.

*Indictment*
*United States v. Figueroa Agosto,*

17.     In or around June 2007, **[17] MOISES TORRES PAGAN** acquired Hydrasport 33'

vessel number PR4429AC (hereinafter PR4429AC) with proceeds from specified unlawful activity.

18.     In or around December 2007, **[17] MOISES TORRES PAGAN** transferred title of

PR4429AC to **[9] RAFAEL MOLINA PADRO**.

19.     In or around December or January 2008, **[9] RAFAEL MOLINA PADRO** outfitted

PR4429AC for smuggling by constructing a hidden compartment onboard the vessel.

20.     In or around late December or January 2008, **[9] RAFAEL MOLINA PADRO** navigated

the vessel to the Dominican Republic for it to be loaded with narcotics that would then be transported

Puerto Rico by another member of the organization.

21.     In or around January 2008, **[9] RAFAEL MOLINA PADRO** transferred title of

PR4429AC to **[12] CARLOS TORRES LANDRUA**.

22.     In or around the beginning of 2008, after having received title of PR4429AC from **[9]**

**RAFAEL MOLINA PADRO**, **[12] CARLOS TORRES LANDRUA** traveled to the Dominican

Republic via a commercial airline with **[10] IVAN CRESPO TALAVERA**.

23.     In or around the beginning of 2008, **[12] CARLOS TORRES LANDRUA**, **[10] IVAN**

**CRESPO TALAVERA** and **[7] KAREEM BOSCHETTI DAVILA** navigated PR4429AC back to

Puerto Rico, loaded with narcotics.

All in violation of Title 18, United States Code, Section 1956(h).

*Indictment*
*United States v. Figueroa Agosto,*

## COUNTS SIX to TWELVE

### *Money Laundering*
### *Title 18, United States Code, Section 1957*

On or about the dates set forth below, in the District of Puerto Rico, the defendants:

**[2] JOSE MARRERO MARTELL,**
**[3] JORGE LUIS FIGUEROA AGOSTO,**
**[7] KAREEM BOSCHETTI,**
**[9] RAFAEL MOLINA PADRO,**
**[10] IVAN CRESPO TALAVERA,**
**[11] RAUL GONZALEZ DIAZ,**
**[17] MOISES TORRES PAGAN,**

did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846.

| COUNT | DEFENDANT | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 6 | **[11] RAUL GONZALEZ DIAZ** | 6/8/2006 | Paid $9,000.00 in cash and $9,000 using a debit card towards the purchase price of 2006 Wellcraft 24' vessel number **PR3674AC** to Marine World. |
| 7 | **[10] IVAN CRESPO TALAVERA** | 2/8/2007 | Transferred 2003 Sailfish 23' vessel number **PR2374AC** to Marine World as a trade-in to acquire another vessel. Trade-in value, $25,000.00 towards the price of the new vessel. |

| 8 | **[2] JOSE M. MARRERO MARTELL** | 5/14/2007 | Paid down payment for 2007 Sea Ray 31' vessel number **PR4371AC** to Industrial Marine with check number # from "AC Electroamerica" in the amount of $100,000.00. |
|---|---|---|---|
| 9 | **[9] RAFAEL MOLINA PADRO** | 6/1/2007 | Paid down payment for 2007 Wellcraft 29' vessel number **PR4377AC** to Marine World with check number # from "AC Electroamerica" in the amount of $100,000.00. |
| 10 | **[3] JORGE LUIS FIGUEROA AGOSTO** | 6/9/2007 | Paid down payment of $72,000.00 for 2007 HydraSport Vessel number **PR4375AC** to Industrial Marine with check # from "AC Electroamerica" in the amount of $72,000.00. |
| 11 | **[17] MOISES TORRES PAGAN** | 6/26/2007 | Purchased 2007 Hydrasport 33' vessel number **PR4429AC** from Industrial Marine, using check number # from "AC Electroamerica" In the amount of $200,000.00. |
| 12 | **[11] RAUL GONZALEZ DIAZ** | 9/13/2007 | Paid part of down payment for 2007 Wellcraft 24' vessel number **PR5033EE** to Marine World with $8,000.00 in cash and $8,000.00 in money orders. |

All in violation to Title 18, <u>United States Code</u>, Section 1957.

## NARCOTICS FORFEITURE ALLEGATION

1.     The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1), 982 (a)(2) and 853.

2.     Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Three of this Indictment, each defendant so convicted shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 841, 846, 848, 952, 960, 963 and 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in a any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

A. A sum of money of at least ONE HUNDRED MILLION DOLLARS ($100,000,000) in United States currency representing the amount of proceeds obtained as a result of the offense charged in Counts One to Three.

B. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Ciudad Jardín de Canóvanas, Barrio Canóvanas, Canóvanas, Puerto Rico, more particularly described as:

URBANA: Solar No. 122 de la Urbanización Ciudad Jardín de Canóvanas,

localizado en el Barrio Canóvanas del Municipio de Canóvanas, Puerto Rico con una

cabida superficial de 1,649.88 metros cuadrados. En lindes por el NORTE, en tres

alineaciones distintas, en una distancia de 6.585 metros y en un arco de longitud de

10.704 metros, con la Calle Cundiamor de dicha Urbanización y en otra distancia de

5.018 metros, con un área verde; por el SUR, en dos alineaciones distintas, en una distancia de 47.20 metros, con un área verde perteneciente a la Carretera No. 962, en otra distancia de 13.756 metros, con un área verde; por el ESTE, en una distancia de 34.957 metros, con el solar No. 123; por le OESTE, en una distancia de 55.083 metros, con un área verde, todos estos solares y la calle pertenecientes al referido desarrollo urbano. El inmueble antes descrito contiene una casa diseñada para una sola familia, construida de acuerdo con planos y especificaciones sometidos y aprobados por las agencias e instrumentalidades gubernamentales pertinentes.

Property No. 17,930, recorded at page 166 of volume 395 of Canóvanas. Registry of Property, Third Section of Carolina.



Registered owner: **[16]GERARDO AMARO RODRÍGUEZ** AND HIS WIFE M.M.R.

3.        Pursuant to Title 21, <u>United States Code</u>, Section 853(p), as incorporated by Title 18, <u>United States Code</u>, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph two (2), if, by any act or omission of the defendants, the property described in paragraph two (2), or any portion thereof, cannot be located upon exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, including but not limited to:

**[1] JOSE D. FIGUEROA-AGOSTO**

a). One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Ciudad Jardin II, Barrio Piñas, Toa Alta, Puerto Rico, more particularly described as:

URBANA: Solar marcado con el No. 309 de la Urbanización Ciudad Jardín II, Tercera Etapa, localizado en el Barrio Piñas del Municipio de Toa Alta, con una cabida superficial de 500.00 metros cuadrados. En lindes por el NORTE,. En una distancia de 25.00 metros, con el solar No. 310; pro el SUR, en una distancia de 25.00 metros, con el solar No.. 308; y por el ESTE, en una distancia de 20.00 metros, con la Calle Ciprés de dicha Urbanización; y por el OESTE, en una distancia de 20.00 metros, con los solares Nos. 316    y 317.  Todos estos solares pertenecientes al referido desarrollo urbano. Contiene una casa de concreto diseñada para una sola familia.

*Indictment*
*United States v. Figueroa Agosto,*

Finca No. 18,407, inscrita al folio 151, del tomo 368 de Toa Baja.  Registro de la Propiedad,

Sección Tercera de Bayamón, Puerto Rico.



Registered owner: JOSE D. FIGUEROA-AGOSTO.

b). Banco Bilbao Vizcaya Argentaria Savings Account Number 0702160409072

## [3] JORGE L. FIGUEROA-AGOSTO

a).     One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Dajaos, Bayamón, Puerto Rico, more particularly described as:

Parcela No. 5.  RUSTICA: Parcela de terreno radicada en el Barrio Dajaos de la Jurisdicción de Bayamón, Puerto Rico, con una cabida de 2,923.015 metros cuadrados, equivalentes a 0.746 cuerda.  En lindes por el NORTE, en una distancia de 35.763 metros, con la parcela No. 6 y 26.00 metros, con el camino principal; por el SUR, con una distancia de 43.564 metros,

con Herminio Reyes; por el ESTE, con una distancia de 62.814 metros, con la parcela No. 4; y por el OESTE, en una distancia de 66.612 metros, con Luis Agrimomo.


Finca No. 63,307, inscrita al folio 151, del tomo 1422 de Bayamón Sur. Registro de la Propiedad, Sección Primera de Bayamón, Puerto Rico.

Registered owner: JORGE L. FIGUEROA-AGOSTO.


     b).    One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Pájaros, Bayamón, Puerto Rico, more particularly described as:

     RUSTICA: Parcela de terreno marcada con la letra "F" en el plano de inscripción, radicada en el Barrio Pájaros del término municipal de Bayamón, Puerto Rico, con una cabida superficial de 908.58 metros cuadrados. En lindes por el NORTE, en 62.91 metros, con la parcela "E"; por el SUR, en 57.82 metros, con la parcela "G"; por el ESTE, con Anacleto Román, en 15.00 metros; y por el OESTE, en 15.00 metros, con una parcela dedicada a uso publico.


Finca No. 25,803, inscrita al folio 250, del tomo 760 de Bayamón Sur. Registro de la Propiedad, Sección Primera de Bayamón, Puerto Rico.


Registered owner: JORGE L. FIGUEROA-AGOSTO.

c).     One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Quebrada Cruz, Toa Alta, Puerto Rico, more particularly described as:

RUSTICA: Solar marcado en el plano de inscripción con el número 8, radicado en el Barrio Quebrada Cruz de Toa Alta, Puerto Rico, compuesto de 900.00 metros cuadrados, equivalente a 0.2290 cuerda, colindando por el NORTE, en 21.8882 metros, con el solar No. 7; por el SUR, en 5.4980 metros y 18.3882 metros, con parcela uso público; por el ESTE, en 41.2382 metros, con el solar numero 9; por el OESTE, en 37.7382 metros, con la parcela de uso público.

Lot No. 8, Quebrada Cruz Ward, Toa Alta.  Presented and Pending inscription at entry number 849, of book number 485, dated March 29, 2007.   Registry of Property, Third Section of Bayamón, Puerto Rico

Registered owner: JORGE L. FIGUEROA-AGOSTO.

d).     One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Quebrada Cruz, Toa Alta, Puerto Rico, more particularly described as:

RUSTICA: Solar marcado con el Número IV, radicado en el Barrio Quebrada Cruz de Toa Alta, Puerto Rico, compuesto de 894.49 metros cuadrados.  En lindes por el NORTE, en 24.00 metros, con el solar V; por el SUR, en 7.880 metros y 12.1903 metros, con parcela uso

público; por el ESTE, en 34.500 metros, con el solar VII; por el OESTE, en 36.6618 metros

y un arco de 6.9030 metros, con calle existente.


Lot No. VI, Quebrada Cruz Ward, Toa Alta.  Presented and Pending inscription at entry number 848,

of book number 485, dated March 29, 2007.   Registry of Property, Third Section of Bayamón,

Puerto Rico

Registered owner: JORGE L. FIGUEROA-AGOSTO.


## [5] DIEGO PEREZ-COLON

a).      All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Urbanización Jardín Dorado, Dorado, Puerto Rico, more

particularly described as:

> URBANA: Solar radicado en le Urbanización Jardín Dorado marcado con el solar número 2 del Bloque O, con un area de 377.500 metros cuadrados. En lindes por el NORTE con el solar O-1 en una distancia de 25 metros; por el SUR con el solar O-3 en una distancia de 25 metros; por el ESTE con el solar O-7 en una distancia de 15.10 metros y por el OESTE con la calle Elegante en una distancia de 15.10 metros. Enclava casa de concreto para uso residencial. Se segrega de la Finca 13015 del tomo 255 del folio 193 de Dorado.

Property No. 13,766, recorded at page 266 of volume 510 of Dorado. Registry of Property, Fourth

Section of Bayamón, Puerto Rico.

*Indictment*
*United States v. Figueroa Agosto,*



Registered Owner: DIEGO PÉREZ COLÓN

b).      All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Urbanización Sierra Bayamón, Bayamón, Puerto Rico,

more particularly described as:

URBANA: Solar marcado con el No. 10 de la manzana 31 de la Urbanizacion Sierra
Bayamón, radicado en el Barrio Hato Tejas del término municipal de Bayamon, Puerto
Rico.   En lindes por el NORTE, con solar No. 9, en 25.00 metros; por el SUR, con solar No.
11,      en igual medida; por el ESTE, con sombreado en 13.50 metros; y por el OESTE, con
Calle   No. 29, en 13.50 metros. Contiene una casa de concreto para una familia.

Property No. 8,385, recorded at page 143 of volume 231 of North Bayamón. Registry of Property,
Third Section of Bayamón, Puerto Rico.

*Indictment*
*United States v. Figueroa Agosto,*



Registered Owner: DIEGO PÉREZ COLÓN

c).      All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Terrazas de Montecasino Condominium, Bayamón,

Puerto Rico, more particularly described as:

URBANA: Propiedad Horizontal: Apartamento No. 501, localizado en el primer piso del
Edificio No. 5 del Condominio Terrazas de Montecasino, cuyo Condominio esta localizado
en el Barrio Candelaria de Toa Baja y Barrio mucarabones de Toa Alta, Puerto Rico. El
apartamento No. 501 esta localizado en el Barrio Candelaria de Toa Baja, Puerto Rico.
Consiste de una vivienda residencial de un piso, con una area superficial de 1,496.54 pies
cuadrados, equivalentes a 139.08 metros cuadrados. En lindes por el NORTE, con area de
patio que es un elemento común limitado del apartamento No. 501, en una distancia de 14.33
metros; por el SUR, con elemento común general exterior y las escaleras y el vestíbulo del
Edificio No. 5, en dos distancias de 13.11 metros y 1.22 metros; por el ESTE, con
apartamento No. 504 y las escaleras del Edificio No. 5, en dos distancias de 7.32 metros y 3.86
metros; y por el OESTE, con elemento común general exterior, en una distancia de 11.18
metros. El apartamento No. 501 esta compuesto de un recibidor, sala, comedor, cocina, área
familiar "family room", área terraza descubierta, pasillo interior, clóset de pasillo interior,
cuarto de lavandería "laundry", un baño en el area del pasillo interior, dos dormitorio con un
closet  cada uno  y un dormitorio principal "master bedroom", con closet con pasillo "walk-in-
closet" y baño. La entrada principal de este apartamento esta localizada en su lindero SUR,
la cual conecta el recibidor del apartamento con el vestíbulo del primer piso del Edificio No.
5 del Condominio Terrazas de Montecasino, el cual es un elemento común general del
Condominio Terrazas de Montecasino. Le corresponde como elemento común limitado del

Condominio Terrazas de Montecasino un estacionamiento doble (back to back) identificados con los Nos. 86 y 87 y area de patio de aproximadamente 57.6821 metros c u a d r a d o s, equivalentes a 620.6593 pies cuadrados. Este apartamento tiene una participación de 0.8723% en los elementos comunes generales del Condominio Terrazas de Montecasino y una participación de 1.3912% en los elementos común limitado del Condominio Terrazas de Montecasino.

Property No. 28,629, recorded at page 15 of volume 531 of Toa Baja. Registry of Property, Second Section of Bayamón, Puerto Rico.



Registered Owner: DIEGO PÉREZ COLÓN

## [6] SIXTO BOSCHETTI-DAVILA

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Camino del Mar, Barrio Sabana Seca, Toa Baja, Puerto Rico, more particularly described as:

URBANA: solar marcado con el numero 23 del bloque CH de la Urbanización camino Del Mar, radicado en el barrio Sabana Seca del termino Municipal de Toa Baja, Puerto Rico; con una cabida de 383.21 metros. En lindes por el NORTE en 16 metros con el solar 18; por el SUR en 13.53 metros y una distancia en 2.75 metros con la calle #20; por el ESTE en 22.97 metros con el solar 24 y por el OESTE en 24.00 metros con el solar 22. Es segregación de la finca 26,186 inscrita al folio 1 del tomo 477 de Toa Baja.

Property No. 26,205, inscrita al folio 95 del tomo 477 of Toa Baja. Registry of Property, Second Section of Bayamón, Puerto Rico.

Registered Owner: SIXTO BOSCHETTI DAVILA

### [7] KAREEM BOSCHETTI-DAVILA

All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Urbanización Lindo Monte, Barrio Quebrada Fajardo,

Fajardo, Puerto Rico, more particularly described as:

> URBANA: Solar #36 de la Urbanización Lindo Monte, localizada en el Barrio Quebrada Fajardo, del termino Municipal de Fajardo, con cabida superficial de 2019,9929 metros cuadrados, colindante por el NORTE, en una distancia de 48.102 metro lineales con el solar #35; por el SUR, en una distancia de 48.00 metros lineales con el solar #37; por el ESTE, en una distancia de 42.000 metros lineales con el solar 12; y por el OESTE en dos alineaciones diferentes, la primera alineaciones en una distancia de 7.000 metros lineales y la segunda alineación en una distancia de 35.000 metros lineales, ambos con la calle #2 de ducha Urbanización. La finca matriz consta inscrita al folio 200 del tomo 352 de Fajardo y el numero es 15151.

Property No. 15,481, recorded at page 43 of volume 429 of Fajardo. Registry of Property of Fajardo, Puerto Rico.



*Indictment*
*United States v. Figueroa Agosto,*

Registered Owner: KAREEM BOSCHETTI-DAVILA AND HIS WIFE ADALYS RODRIGUEZ-RIVERA.

## [8] ELIER MARTINEZ-DELGADO

One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Hato Tejas, Bayamón, Puerto Rico, more particularly described as:

URBANA: Solar radicado en el Barrio Hato Tejas, Municipio de Bayamón, Puerto Rico, marcado con el No. 22 del Bloque "H" de la Urbanización Reparto Teresita, con una cabida superficial de 330.00 metros cuadrados. En lindes por el NORTE, con el solar No. 23 del propio bloque, en una distancia de 25.00 metros; por el SUR, con el solar No. 21 del propio bloque, en una distancia de 25.00 metros; por el ESTE, con un área dedicada a uso publico, en una distancia de 13.20 metros; y por el OESTE, con la Calle No. 5, en una distancia de 13.20 metros.

Finca No. 4,860, inscrita al folio móvil, del tomo 25 de Bayamón, Norte. Registro de la Propiedad, Sección Tercera de Bayamón, Puerto Rico.



Registered owner: ELIER MARTINEZ-DELGADO

*Indictment*
*United States v. Figueroa Agosto,*

## [10] IVAN RAUL CRESPO-TALAVERA

One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Comunidad Rural La Ponderosa, Barrio Espinosa, Vega Alta, Puerto Rico, more particularly described as:

> RUSTICA: Solar No. 213 en el plano de parcelación de la Comunidad Rural la Ponderosa, del Barrio Espinosa del término municipal de Vega Alta, Puerto Rico, con una cabida superficial de 0.0907 cuerda, equivalentes a 359.59 metros cuadrados. En lindes por el NORTE, con solar No. 214 de la Comunidad; por el SUR, con el solar No. 194 de la Comunidad; por el ESTE, con la Calle No. 18 de la Comunidad; por el OESTE, con solar No. 212 de la Comunidad.

Finca No. 8,158, inscrita al folio 184, del tomo 309 de Vega Alta. Registro de la Propiedad, Sección Tercera de Bayamón, Puerto Rico.



Registered owner: IVAN RAUL CRESPO-TALAVERA.

## [11] RAUL GONZALEZ-DIAZ

One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Barrio Algarrobo, Vega Baja, Puerto Rico, more particularly described as:

URBANA: pare la de terreno localizado en la Urbanización Ciudad Real, en el Barrio Algarrobo del término municipal de Vega Baja, Puerto Rico., identificada en el plano de inscripción final de la Urbanización Ciudad Real con el numero 11-T, con una cabida de 338.00 metros.  En lindes por el NORTE en 13.00 metros con la calle 8 "Alcira"; por el SUR en 13.00 metros con el solar 16; por el ESTE en 26.00 metros con el solar 10; por el OESTE en 26.00 metros con el solar 12.

FINCA No. 26,918, inscrita al diario 232, asiento 641 de Vega Baja.  Registro de le Propiedad, Sección Cuarta de Bayamon, Puerto Rico.



Registered owner: Raúl González-Díaz

# [12] CARLOS TORRES-LANDRUA

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Santa María, Barrio Candelaria, Toa Baja, Puerto Rico, more particularly described as:

URBANA: Urbanización Santa María, Sita en el barrio Candelaria del termino municipal de Toa Baja, Puerto Rico, solar numero 27 del bloque "J". Área del solar 312.00 metros. En lindes por el NORTE con la calle 7 en distancia de 13.00 metros; por el SUR con el solar 6 en distancia de 13.00 metros; por el ESTE con el solar 28 en distancia de 24 metros; por el

OESTE con el solar 26 en distancia de 24 metros. Es segregación de la finca 21,632 inscrita al folio 5 del tomo 367 de Toa Baja.

Property No.22,682, inscrita al Asiento177 del Diario 695 of Toa Baja. Registry of Property, Second Section of Bayamón, Puerto Rico.

Registered Owner: CARLOS HIRAM TORRES-LANDRUA

## [13] HECTOR RAMOS-ROSADO

One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Santa Maria, Barrio Candelaria, Toa Baja, Puerto Rico, more particularly described as:

URBANA: Urbanización Santa María, sito en el Barrio Candelaria del Municipio de Toa Baja, Puerto Rico.   Solar No. 27 del Bloque "L".   Área del solar No. 312.00 metros cuadrados, equivalentes a 0.0794 cuerda.   En lindes por el NORTE, con la Calle No. 9, en 13.00 metros; por el SUR, con el solar No. 13.00 metros; por el ESTE, con el solar 28, en 24.00 metros; y por el OESTE, con el solar No. 26, en 24.00 metros.   Enclava en este solar una estructura de hormigón y bloques.

Finca No. 23,105, inscrita al folio 94, del tomo 626 de Toa Baja.   Registro de la Propiedad, Sección Segunda de Bayamón, Puerto Rico.



Registered owner: HECTOR RAMOS-ROSARIO and his wife CARMEN HERNANDEZ-HERNANDEZ.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## [15] JOEL E. VEGA-BERRIOS

One Urban lot, together with its building, appurtenances, improvements, fixtures, attachments and

easements, located at Urbanización Villas de Buena Vista, Barrio Buena Vista, Bayamón, Puerto Rico,

more particularly described as:

URBANA: Solar radicado en la Urbanización Villas de Buena Vista, localizado en el Barrio Buena Vista del término municipal de Bayamón, Puerto Rico, que se describe en el plano de inscripción de la Urbanización con el número, área y colindancias que se relacionan a continuación: Solar L-4. Con una cabida superficial de 362.63 metros cuadrados. En lindes por el NORTE, en 15.11 metros, con la Calle No,. 10; por el SUR, en dos alineaciones, una de 11.33 metros y otra de 3.78 metros, con los solares Nos. L-13 y L-14, respectivamente; por el ESTE, en 24.00 metros, con el solar No. L-5; y por el OESTE, en 24.00 metros, con el solar No. L-3. Sobre este solar enclava una estructura construida de hormigón y bloques dedicada a vivienda para una familia,.

Finca No. 66,979, inscrita al folio 63, del tomo 1523 de Bayamón Sur. Registro de la Propiedad, Sección Primera de Bayamón, Puerto Rico.



*Indictment*
*United States v. Figueroa Agosto,*

Registered owner: JOEL E. VEGA-BERRIOS.

## [16] GERARDO AMARO-RODRIGUEZ

a).      All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Urbanización del Doctor A.G. Merhoff, Barrio Santurce

Norte, San Juan, Puerto Rico, more particularly described as:

> URBANA: Solar marcado con el número 33 del plano de urbanización del Doctor A.G. Merhoff, con una cabida superficial de 182.74 metros cuadrados en el Barrio Santurce Norte, de esta Ciudad, situado en la manzana comprendida entre las calles Miriam Seboruco Road, Avenida Doctor Caballero y terrenos de R.R. Lutz, colindando al NORTE, izquierda entrando, de la Avenida Doctor Caballero, con la Calle Miriam; SUR, con el solar 31 del vendedor John E. Balzac, en una extension de 18.85 metros; al ESTE, o fondo, con terrenos de R.R. Lutz, en 9.18 metros; al OESTE, O frente, con la Avenida Doctor Celso Caballero, en 11.23 metros. Enclava una casa.

Property No. 10,863, recorded at page 102 of volume 636 of North Santurce. Registry of Property, First Section of San Juan.



Registered owner: GERARDO AMARO RODRÍGUEZ AND HIS WIFE MARLINE MORALES ROSARIO

b).      All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización del Doctor A.G. Merhoff, Barrio Santurce Norte, San Juan, Puerto Rico, more particularly described as:

> URBANA: Solar marcado con el numero 32 de la Avenida Doctor Celso Caballero, de la Urbanización del Dr. A.G. Merhoff, con una superficie de 186.72 metros cuadrados. Radicado en el Barrio de Santurce Norte: Colindando por el NORTE, derecha entrando de la Avenida Doctor Celso Caballero, con el solar numero 34 propiedad de Eduviges Espinosa, en una extensión de 18.60 metros, por el SUR, con solar numero 30, propiedad de José González, en 18.64 metros, por el ESTE, o frente, con la Avenida Doctor Celso Caballero, en una extensión de 10.00 metros.

Property No. 6,204, recorded at page 125 of volume 1,140 of North Santurce. Registry of Property, First Section of San Juan.



Registered owner: GERARDO AMARO RODRÍGUEZ AND HIS WIFE MARLINE MORALES ROSARIO

d). All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures,          attachments and easements, located at Barrio Santurce, San Juan, Puerto Rico, more particularly          described as:

*Indictment*
*United States v. Figueroa Agosto,*

     URBANA: Solar en la Sección Norte del Barrio de Santurce de esta Ciudad con una superficie de 330.00 metros cuadrados, colinda al NORTE, en 15.00 metros con el Dr. William F. Lippit; al SUR, en 15.00 metros, con la Calle William Timothee; al ESTE, en 22.00 metros, con el referido Dr. William F. Lippit; y al OESTE, en 22.00 metros, con la calle Martinó. Se haya marcado con el número 56 de la Calle Martinó. Contiene un edificio de hormigón.

Property No. 5,375, recorded at page 85 of volume 1123 of North Santurce. Registry of Property, First Section of San Juan, Puerto Rico.



Registered owner: GERARDO AMARO RODRÍGUEZ AND HIS WIFE MARLINE MORALES ROSARIO

*Indictment*
*United States v. Figueroa Agosto,*

## MONEY LAUNDERING FORFEITURE ALLEGATION

Pursuant to Title 18, United States Code, Section 982(a)(1), should defendants

**[2] JOSE MARRERO MARTELL,**
**[3] JORGE FIGUEROA AGOSTO,**
**[7] KAREEM BOSCHETTI DAVILA,**
**[9] RAFAEL MOLINA PADRO,**
**[10] IVAN CRESPO TALAVERA,**
**[11] RAUL GONZALEZ DIAZ,**
**[12] CARLOS TORRES LANDRUA,**
**[17] MOISES TORRES PAGAN,**

be convicted of one or more of the offenses set forth in Counts Five to Twelve of this Indictment , the

defendants shall forfeit to the United States the following property:

a. All right, title and interest in any and all of the property involved in each offense in violation

of Title 18, United States Code, Section 1956 and/or 1957, for which the defendant is convicted, and all

property traceable to such property, including but not limited to the following: 1) all money or other

property that was the subject of each transaction, transportation, transmission or transfer in violation of

sections 1956 and/ or 1957; 2) all commissions, fees and other property constituting proceeds obtained

as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the

commission of those violations.

b. A sum of money equal to NINE HUNDRED AND SIXTY EIGHT THOUSAND DOLLARS

in U.S. Currency, which represents the total amount of money proceeds and money involved in each

offense or conspiracy to commit such offense, for which the defendants are convicted. If more than one

defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the

amount involved in such offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided with out difficulty, including but not limited to:

a)

## [17] MOISES TORRES-PAGAN

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Urbanización Los Árboles de Montehiedra, Barrio Caimito de Rio Piedras, San Juan, Puerto Rico, more particularly described as:

URBANA: Solar marcado con el numero 408 en la Urbanización Los Arboles de Montehiedra radicada en el barrio Caimito de Río Piedras, termino municipal de San Juan, Puerto Rico. Compuesto de 790.0100 metros cuadrados. En lindes por el NORTE con el lote numero 407 con una distancia de 24.104 metros; por el SUR con terrenos de AH Development, S.E., en una distancia de 27.188 metros; y por el OESTE con terrenos de AH Development, S.E. en una distancia de 33.364 metros. Se segrega de la finca 20,825 inscrita al folio 77 del tomo 738 de San Juan, inscripción 1ª a favor de AH Development.

Property No. 20,931, inscrita al folio 29 del tomo 741 of San Juan. Registry of Property, Fourth Section of San Juan, Puerto Rico.

*Indictment*
*United States v. Figueroa Agosto,*



Registered Owner: MOISES TORRES PAGAN AND HIS WIFE MARIA PASTRANA LOPEZ

b) Vessels:

| PR | MAKE | FT | YEAR | HULL ID |
|---|---|---|---|---|

**[2] JOSE MARRERO MARTELL**

| PR3171AC | GLASSTREAM MARINE | 27 | 2006 | GDJ00252H506 |
|---|---|---|---|---|

**[3] JORGE LUIS FIGUEROA AGOSTO**

| PR2338AC | WELLCRAFT | 24 | 2005 | WELCJA40H405 |
|---|---|---|---|---|
| PR4055CC | SEA DOO | 20 | 2009 | USCEC16005K809 |
| PR4098CC | CHECKMATE | 24 | 2009 | CHK47232A909 |

*Indictment*
*United States v. Figueroa Agosto,*

## [6] SIXTO BOSCHETTI DAVILA

PR5330AC   TIARA                32   2008   SSUR3253E708

## [7] KAREEM BOSCHETTI DAVILA

1210314   FOUNTAIN              38   2008   FGQ8F031L708

## [8] ELIER MARTINEZ DELGADO

PR2064AC   PRO SPORT            25   2005   WJIJ0103E405

## [11] RAUL GONZALEZ DIAZ
PR5033EE   WELLCRAFT            24   2007   WELCSA05G708
PR3880AC   GLASS TREAM          28   2006   GDJ00284F606

## [17] MOISES TORRES PAGAN

PR4026AC   WELLCRAFT            24   2006   WELCSA16F506
PR3968CC   SEA DOO              13   2008   YDV56895D808

All in accordance with Title 18, <u>United States Code</u>, Section 982(a)(1) and Rule 32.2(a)

ROSA EMILIA RODRIGUEZ-VÉLEZ
United States Attorney

for: José Ruiz-Santiago   S.L.C.
Assistant U.S. Attorney
Chief, Criminal Division   11/15/2010

Jenifer Y. Hernandez Vega
Assistant U.S. Attorney

Teresa Zapata
Assistant U.S. Attorney

TRUE BILL

FOREPERSON
Dated: *November 15, 2010*

for: Timothy R. Henwood
Assistant United States Attorney
Deputy Chief, Narcotics Unit

Olga B. Castellon Miranda
Assistant U.S. Attorney

*Indictment*
*United States v. Figueroa Agosto,*

## [6] SIXTO BOSCHETTI DAVILA

PR5330AC    TIARA                    32    2008    SSUR3253E708

## [7] KAREEM BOSCHETTI DAVILA

1210314    FOUNTAIN                  38    2008    FGQ8F031L708

## [8] ELIER MARTINEZ DELGADO

PR2064AC    PRO SPORT                25    2005    WJIJ0103E405

## [11] RAUL GONZALEZ DIAZ
PR5033EE    WELLCRAFT                24    2007    WELCSA05G708
PR3880AC    GLASS TREAM              28    2006    GDJ00284F606

## [17] MOISES TORRES PAGAN

PR4026AC    WELLCRAFT                24    2006    WELCSA16F506
PR3968CC    SEA DOO                  13    2008    YDV56895D808

All in accordance with Title 18, <u>United States Code</u>, Section 982(a)(1) and Rule 32.2(a)

ROSA EMILIA RODRIGUEZ-VÉLEZ                    TRUE BILL
United States Attorney


*for:* José Ruiz-Santiago    S.L.C.            *for:* Timothy R. Henwood
Assistant U.S. Attorney                        Assistant United States Attorney
Chief, Criminal Division    11/15/2010         Deputy Chief, Narcotics Unit


Jenifer Y. Hernandez Vega                      Olga B. Castellon Miranda
Assistant U.S. Attorney                        Assistant U.S. Attorney


Teresa Zapata
Assistant U.S. Attorney