IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>(1) JOSE DAVID FIGUEROA AGOSTO,<br>a.k.a. "Junior Capsula"; "Junior"; "El Loco";"La Novia"; "El Domi"; "Phillip"; "Angel F. Rosa Rivera"; "Felipe Rodriguez De La Rosa"; "Christian Almonte Peguero"; "Ramon Sanchez"; "Billy Ojeda Agosto",<br>Defendant. | Criminal No. 10-435 (PG)<br><br>Received + Filed<br>March 27, 2012<br>5:30 PM<br>[signature], Deputy Clerk |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, by and through its attorneys, Rosa Emilia Rodriguez Vélez, United States Attorney for the District of Puerto Rico, José A. Ruiz, Assistant U.S. Attorney, Chief, Criminal Division, Timothy R. Henwood, Assistant U.S. Attorney, Deputy Chief, Narcotics Division and Jenifer Y. Hernández Vega, Assistant U.S. Attorney, the defendant, Jose David Figueroa Agosto, and the defendant's counsel, Jose Aguayo, Esq. and state that they have reached an agreement pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

**OFFENSE TO WHICH DEFENDANT PLEADS GUILTY**

1.  Jose David Figueroa Agosto agrees to plead guilty to COUNT ONE, TWO, FOUR and FIVE of the Indictment and accepts the FORFEITURE ALLEGATIONS.

2.  COUNT ONE of the Indictment charges defendant with beginning in or about 2005, and ending in or about 2010, knowingly and intentionally combining, conspiring, confederating and agreeing together with the co-defendants, and with other persons known and unknown to the Grand

Plea Agreement
Page 2

Jury, to import into the customs territory of the United States, from places outside thereof, five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 952(a) and 963.

3. COUNT TWO of the Indictment charges defendant with beginning in or about 2005, and ending in or about 2010, knowingly and intentionally combining, conspiring, confederating and agreeing together with the co-defendants, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 841 (a)(1) and 846.

4. COUNT FOUR of the Indictment charges defendant with on or about July 17, 2010, after having been previously convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly and unlawfully possessing in or affecting commerce a firearm or ammunition, to wit: a FN Herstal 5.7 X 28 caliber pistol loaded with ammunition, which firearm and ammunition had been shipped or transported in interstate or foreign commerce, all in violation of Title 18, United States Code, Sections 922(g) (1) and 924(a) (2).

5. COUNT FIVE of the Indictment charges defendant with from in or around September 2005 through in or around May, 2008, knowingly combining, conspiring, and agreeing with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled

substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846 with the intent to promote the carrying on of specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

6. The NARCOTICS FORFEITURE ALLEGATION indicates that upon conviction of one or more of the offenses alleged in the Indictment, pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1), the defendant shall forfeit to the United States all right, title, and interest in any and all property involved in each offense in violation of Title 21, United States Code, Sections 841, 846, 952 and/or 963 for which the defendant is convicted, and all property traceable to such property, including the following: 1) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 2) all property used in any manner or part to commit or to facilitate the commission of those violations.

7. The MONEY LAUNDERING FORFEITURE ALLEGATION indicates that upon conviction of one or more of the offenses alleged in the Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), the defendant shall forfeit to the United States all right, title, and interest in any and all property involved in each offense in violation of and Title 18, United States Code, Section 1956 and/or 1957 for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each

Plea Agreement
Page 4

transaction, transportation, transmission or transfer in violation of section 1956 and/or 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

## MAXIMUM PENALTIES

8.   The defendant understands that in relation to COUNTS ONE and TWO the penalties for the offenses charged are a maximum term of life imprisonment, a minimum mandatory term of imprisonment of ten (10) years, a fine not to exceed four (4) million dollars and a term of supervised release of at least five (5) years.



9.   The defendant understands that in relation to COUNT FOUR the penalties for the offense charged are a maximum term of imprisonment of ten (10) years, a fine of not more than two hundred fifty thousand dollars ($250,000), and a term of supervised release of up to three (3) years.

10.   The defendant understands that in relation to COUNT FIVE the penalties for the offense charged are a maximum term of imprisonment of twenty (20) years, a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the property involved in the transaction, and a term of supervised release of up to three (3) years.

## APPLICABILITY OF SENTENCING GUIDELINES

11.   Jose David Figueroa Agosto understands that the sentence will be left entirely to the sound discretion of the Court in accordance with the advisory Sentencing Guidelines, Title 18 United States Code, Section 3551, *et. seq.* (hereinafter Guidelines). It is further understood that the defendant may not withdraw defendant's plea solely as a result of the sentence imposed and the

**Plea Agreement**
**Page 5**

Court is not bound by this plea agreement. The defendant acknowledges that defendant is aware that parole has been abolished.

### SPECIAL MONETARY ASSESSMENT

12. Prior to or at the time of sentencing, the defendant shall pay a special assessment of one-hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).



### FINES AND RESTITUTION

13. The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release. The defendant is aware that in some instances, the Court may impose restitution to the victim. As part of this plea agreement, and should the Court impose restitution upon the defendant, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

### SENTENCING GUIDELINES CALCULATIONS

14. Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant". *United States v. Booker*, 125 S.Ct. 738 (2005). Therefore, the United States and the defendant submit the following Advisory Sentencing Guideline calculations

Plea Agreement
Page 6



| SENTENCING GUIDELINES CALCULATION TABLE COUNTS ONE AND TWO | |
|---|---:|
| Based on the amount of controlled substance involved in the offense, that is 150 kilograms or more of cocaine, the Base Offense Level shall be thirty-eight (38), pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1(c)(1). | 38 |
| Since a firearm was possessed, the offense level shall be increased by two (2) levels, pursuant to U.S.S.G. § 2D1.1(b)(1). | +2 |
| Based on the defendant's role in the offense, since the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the offense level shall be increased by four (4) levels, pursuant to U.S.S.G. § 3B1.1 (a). | +4 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, the base offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| **TOTAL OFFENSE LEVEL**<br>Assuming a Criminal History Category of III,<br>Assuming a Criminal History Category of IV,<br>Assuming a Criminal History Category of V,<br>Assuming a Criminal History Category of VI, | **41**<br>(360-life)<br>(360-life)<br>(360-life)<br>(360-life) |
| The parties make no stipulation as to defendant's Criminal History Category. | |

| SENTENCING GUIDELINES CALCULATION TABLE COUNT FOUR | |
|---|---:|
| Since the defendant committed the firearms offense subsequent to sustaining one felony conviction of a crime of violence, the Base Offense Level shall be twenty (20), pursuant to U.S.S.G. § 2K2.1(a)(4). | 20 |
| Since the defendant possessed the firearms or ammunition in connection with another felony offense or had reason to believe that it would be used or possessed in connection with another felony offense, the Base Offense Level shall be increased by four (4) levels, pursuant to U.S.S.G. § 2K2.1(a)(6)(B). | +4 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, the base offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| **TOTAL OFFENSE LEVEL** | **21** |

Plea Agreement
Page 7

| SENTENCING GUIDELINES CALCULATION TABLE COUNT FIVE | |
|---|---|
| Pursuant to U.S.S.G. § 2S1.1(a)(1), since the defendant committed the underlying offense from which the laundered funds were derived, the Base Offense Level shall be forty (40) in consideration of application of U.S.S.G. § 2D1.1. | 40 |
| Based on the defendant's aggravating role in the money laundering offense, the offense level shall be increased by two (2) levels, pursuant to U.S.S.G. § 3B1.1 (c). (Pursuant to Application Note 2 (C) the application of the Chapter Three adjustment shall be determined based on the money laundering offense and not on the underlying offense) | +2 |
| Since the defendant is being convicted under 18 U.S.C.§ 1956, the offense level shall be increased by two (2) levels, pursuant to U.S.S.G.§ 2S1.1(b)(2)(B). | +2 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, the base offense level shall be reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| **TOTAL OFFENSE LEVEL** | **41** |




| SENTENCING GUIDELINES CALCULATION TABLE GROUPING | |
|---|---|
| Pursuant to U.S.S.G. § 3D1.3, in the case of counts grouped together pursuant to 3D1.2, the offense level which produces the highest offense level shall be applied, that is, a TOTAL OFFENSE LEVEL of forty-one (41). | |
| **TOTAL OFFENSE LEVEL**<br>Assuming a Criminal History Category of III,<br>Assuming a Criminal History Category of IV,<br>Assuming a Criminal History Category of V,<br>Assuming a Criminal History Category of VI, | **41**<br>(360-life)<br>(360-life)<br>(360-life)<br>(360-life) |
| The parties make no stipulation as to defendant's Criminal History Category. | |

### RULE 11(e)(1)(B) WARNINGS

15. Defendant understands that, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by these sentencing guidelines calculations, that is, the Court may impose a harsher or lesser sentence in spite of the recommendations set forth herein. Also, the defendant understands that defendant may not withdraw defendant's plea solely as a result of the final sentencing guidelines calculations made by the Court.

### SENTENCE RECOMMENDATION

16. The parties will recommend a sentence within the applicable guideline range, that is 360 months up to life imprisonment. The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553 (a).

### NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

17. The parties make no stipulation as to defendant's Criminal History Category.

### NO FURTHER ADJUSTMENTS OR DEPARTURES

18. The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

### FORFEITURE

19. The United States and the defendant agree that the amount of money to be forfeited to the United States, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of Title 21, United States Code, Section 841, 846, 952

and 963 and the money laundering offense in violation of Title 18, United States Code, Section 1956 and 1957 or any property that was the subject, or was used in any manner or part to commit or to facilitate the commission of such violations, will be determined at the time of sentencing. Defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of assets.

### SATISFACTION WITH ATTORNEY

20. The defendant, represents to the Court that defendant is satisfied with defendant's attorney, Jose Aguayo, Esq., and hereby indicates that counsel has rendered effective legal assistance.

### RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

21. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the

defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.



    e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on defendant's own behalf.

### STIPULATED VERSION OF FACTS

  22.  The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### DISMISSAL OF REMAINING COUNTS

  23.  As part of this plea agreement, the United States, after sentencing, will request the dismissal of the remaining counts of the Indictments pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

## JURISDICTIONAL LIMITS OF PLEA AGREEMENT

24. It is specifically understood by the defendant, that this plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## WAIVER OF APPEAL

25. The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences the defendant according to its terms, conditions, and recommendations, the defendant waives and surrenders the right to appeal the judgment and sentence in this case.

## ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

26. The United States and the defendant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

## VOLUNTARINESS OF PLEA

27. It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

## BREACH AND WAIVER

28. The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may

**Plea Agreement**
Page 12

have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

_____
José A. Ruiz,
Chief, Criminal Division
Dated: 3/06/12

_____
Timothy R. Henwood
Deputy Chief, Narcotics Division
Dated: 3-26-12

_____
Jenifer Y. Hernández Vega
Assistant United States Attorney
Dated: 3/26/12

_____
Jose Aguayo, Esq.,
Counsel for Defendant
Dated: 3/27/12

_____
Jose David Figueroa Agosto
Defendant
Dated: 3/27/12

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 3/27/12

_____
Jose David Figueroa Agosto
Defendant

I am the attorney for the defendant. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of defendant's plea of guilty.

Date: 3/27/12

_____
Jose Aguayo, Esq.
Counsel for Defendant

## STIPULATED VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, U.S.C., §§ 841, 846, 952 and 963, and Title 18, U.S.C., § 922(g)(1) and Title 18, U.S.C., § 1956.

Beginning in or about 2005, and ending in or about 2010, Jose David Figueroa Agosto a.k.a. Junior Capsula, knowingly and intentionally combined, conspired, confederated and agreed together with the co-defendants and with other persons known and unknown, to import into United States from the Dominican Republic, and to possess with intent to distribute, multi-kilogram quantities of cocaine for significant financial gain and profit. For purposes of this Plea Agreement the parties stipulate that the defendant will be held accountable for more than 150 kilograms of cocaine.

Jose David Figueroa Agosto was the leader of a drug trafficking organization and as such, together with others, would arrange for the transportation of multi-kilogram quantities of cocaine from the Dominican Republic into Puerto Rico on board motor vessels. They would select discreet locations to offload the shipment of cocaine in Puerto Rico. The narcotics would be re-sold for profit in Puerto Rico and some would be further transported to the continental United States. In order to protect the narcotics and the drug proceeds, firearms were possessed by the defendant and other members of the conspiracy.

As part of the conspiracy, Jose David Figueroa Agosto together with others would attempt to create the appearance that their narcotics proceeds were legitimate by purchasing legitimate assets, including but not limited to real estate properties, motor vehicles, vessels and

businesses through the use of "straw owners" or "jockeys" with the objective of concealing the true ownership of such assets and the illegal source of the funds used to make the purchases

From in or around September 2005 through in or around May, 2008, Jose David Figueroa Agosto, together with others did knowingly combine, conspire, and agree to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying of such specified unlawful activity. As part of the conspiracy the defendants would acquire vessels with proceeds from their drug and currency trafficking activities. The vessels would be used in drug and currency smuggling ventures between Puerto Rico and the Dominican Republic. The ownership of the vessels would be transferred amongst members of the conspiracy and would continue to be used in furtherance of their trafficking activities.

In July 2010 Jose David Figueroa Agosto was arrested in Puerto Rico. He was found to be knowingly and unlawfully in constructive possession of a firearm and ammunition, to wit: a FN Herstal 5.7 X 28 caliber pistol loaded with ammunition; which firearm and ammunition had been shipped or transported in interstate or foreign commerce. He was in constructive possession of such firearm after having been convicted and sentenced on or about September 13, 1995, in Cr. Case No. KLA 95G0326 in the Superior Court of San Juan to a crime punishable by imprisonment for a term exceeding one (1) year, that is including but not limited to violations of Article 8 of the Puerto Rico Weapons Law for which he was sentenced to ten (10) years of imprisonment.

Had the government proceeded to trial, it would have presented the testimony of witnesses and law enforcement officers, photographs of the vessels and the narcotics seized, the laboratory results, as well as any other pertinent documentation.

Full discovery was timely disclosed to the defense.

_____
Jenifer Hernández Vega
Date: 3/26/12

_____
José David Figueroa Agosto
Date: 3/27/12

_____
José Aguayo, Esq.
Date: 3/27/12